UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

DAVID CANANIA AND CHERYL CANANIA )
9233 Patricia Lane )
Pevely, MO 63070 )
 )
  Plaintiffs, )
 )
vs. ) NO:
 )
 )
DIPPOLD TRUCKING, a corporation )
511 W. Washington Street )
Farina, IL 62838 )
 )
  Defendant. )

## **COMPLAINT**

### **COUNT II**
### **(Negligence)**
**David Canania v. Dippold Trucking, a corporation**

NOW COMES the Plaintiff, David Canania, by and through his attorneys, Rich, Rich, Cooksey & Chappell, P.C, and for his cause of action against the Defendant, Dippold Trucking, respectfully represents unto the Court as follows:

1. On July 20, 2022, and at all times relevant hereto, Plaintiff, David Canania, was domiciled with the intent to remain in the City of Pevely, in the County of Jefferson, in the State of Missouri, and is therefore a citizen of the State of Missouri.

2. That on July 20, 2022, and at all times relevant hereto, the Defendant, Dippold Trucking, was an Illinois corporation with its principal place of business located in the City of Farina, in the County of Fayette, in the State of Illinois, and is therefore a citizen of the State of Illinois.

3. That the amount in controversy exceeds the sum or value of $75,000.00, exclusive

of costs and interest.

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. That this action properly lies in this district pursuant to 28 U.S.C. § 1391, because the claim arose in this judicial district.

6. That on July 20, 2022, and at all times relevant hereto, Plaintiff, David Canania, was operating a motor vehicle that was traveling Northbound on Interstate 55, 246 feet south of Mile Post 11, in the City of Collinsville, in the County of Madison, in the State of Illinois.

7. That on July 20, 2022, and at all times relevant hereto, the Defendant, Dippold Trucking, a corporation, by and through its agent and employee, Steven Dippold, was operating a motor vehicle that was traveling Northbound on Interstate 55, 246 feet south of Mile Post 11, in the City of Collinsville, in the County of Madison, in the State of Illinois.

8. That at said time and place, the vehicle operated by the Defendant, Dippold Trucking, a corporation, by and through its agent and employee, Steven Dippold, struck the rear of Plaintiff's vehicle.

9. That at said time and place, the Defendant, Dippold Trucking, a corporation, by and through its agent and employee, Steven Dippold, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

    a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

    b. The Defendant drove his vehicle in such a manner as to cause it to strike the rear of the Plaintiff's vehicle;

    c. The Defendant failed to properly apply the brakes of his vehicle; and

    d. The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there

        upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601; and

e.     The Defendant followed Plaintiff's vehicle more closely than was reasonable and proper having regard for the speed of such vehicle and the traffic then and there upon said highway and the condition of the highway, contrary to the provisions of 625 ILCS 5/11-701(a).

10.     That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Dippold Trucking, a corporation, by and through its agent and employee, Steven Dippold, the Plaintiff was injured in one or more of the following ways:

a.     The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, body, and limbs, both internally and externally;

b.     The Plaintiff received injuries to his neck;

c.     The Plaintiff received injuries to his right shoulder;

d.     The Plaintiff received injuries to his back;

e.     The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

f.     The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

g.     The Plaintiff has suffered disability as a result of his injuries;

h.     The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

i.     The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, David Canania, prays judgment against the Defendant, Dippold Trucking, a corporation, for a fair and just award in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this suit.

**COUNT II**
(Loss of Consortium)
Cheryl Canania v. Dippold Trucking, a corporation

NOW COMES the Plaintiff, Cheryl Canania, by and through her attorneys, Rich, Rich, Cooksey & Chappell, P.C, and for her cause of action against the Defendant, Dippold Trucking, respectfully represents unto the Court as follows:

1. On July 20, 2022, and at all times relevant hereto, the Plaintiff and Plaintiff's spouse, David Canania, were domiciled with the intent to remain in the City of Pevely, in the County of Jefferson, in the State of Missouri, and is therefore a citizen of the State of Missouri.

2. That on July 20, 2022, and at all times relevant hereto, the Defendant, Dippold Trucking, a corporation, was an Illinois corporation with its principal place of business located in the City of Farina, in the County of Fayette, in the State of Illinois, and is therefore a citizen of the State of Illinois.

3. That the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest.

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. That this action properly lies in this district pursuant to 28 U.S.C. § 1391, because the claim arose in this judicial district.

6. That on July 20, 2022, the Plaintiff's spouse, David Canania, was operating a motor vehicle that was traveling Northbound on Interstate 55, 246 feet south of Mile Post 11, in the City of Collinsville, in the County of Madison, in the State of Illinois.

7. That on July 20, 2022, the Defendant, Dippold Trucking, by and through its agent and employee, Steven Dippold, was operating a motor vehicle that was traveling Northbound on

Interstate 55, 246 feet south of Mile Post 11, in the City of Collinsville, in the County of Madison, in the State of Illinois.

8. That at said time and place, the vehicle operated by the Defendant, Dippold Trucking, by and through its agent and employee, Steven Dippold, struck the rear of the Plaintiff's spouse's vehicle.

9. That at said time and place, the Defendant committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

    a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff's spouse;

    b. The Defendant drove his vehicle in such a manner as to cause it to strike the rear of the Plaintiff's spouse's vehicle;

    c. The Defendant failed to properly apply the brakes of his vehicle;

    d. The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601; and

    e. The Defendant followed the Plaintiff's vehicle more closely than was reasonable and proper having regard for the speed of such vehicle and the traffic then and there upon said highway and the condition of the highway, contrary to the provisions of 625 ILCS 5/11-701(a).

10. That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Dippold Trucking, by and through its agent and employee, Steven Dippold, the Plaintiff's spouse was injured in one or more of the following ways:

    a. The Plaintiff's spouse was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, body, and limbs, both internally and externally;

  b. The Plaintiff's spouse received injuries to his neck;

  c. The Plaintiff's spouse received injuries to his right shoulder;

  d. The Plaintiff's spouse received injuries to his back;

  e. The Plaintiff's spouse received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

  f. The Plaintiff's spouse has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

  g. The Plaintiff's spouse has suffered disability as a result of his injuries;

  h. The Plaintiff's spouse has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

  i. The Plaintiff's spouse has lost money from the loss of wages and will suffer an impairment of future earning capacity.

11. That at all times herein mentioned, Plaintiff, Cheryl Canania, was married to Plaintiff, David Canania, and remains married to Plaintiff David Canania.

12. That as a direct and proximate result of the negligence of the Defendant, Dippold Trucking, by and through its agent and employee, Steven Dippold, and the damages sustained by David Canania, Plaintiff Cheryl Canania has been deprived of Plaintiff David Canania's valuable services and support, assistance with household chores, as well as his comfort, conjugal fellowship, society, companionship, consortium, love, affection, advice and counsel. Furthermore, Plaintiff, Cheryl Canania, has been obligated to pay medical and other expenses as a result of Defendant's negligence.

WHEREFORE, the Plaintiff, Cheryl Canania, prays judgment against the Defendant, Dippold Trucking, by and through its agent and employee, Steven Dippold, for a fair and just award in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this suit.

        Respectfully submitted,

        <u>/s/ Michelle Mr. Rich</u>
        BY: RICH, RICH, COOKSEY & CHAPPELL, P.C.
        Mr. Thomas C. Rich #06186229
        Mrs. Kristina D. Cooksey #6299549
        Mrs. Michelle M. Rich #6310004
        Mr. Aaron J. Chappell #6311028
        Ms. Caitlin Rich #6334176
        Attorneys at Law
        6 Executive Drive, Suite 3
        Fairview Heights, IL 62208
        618-632-0044 PHONE
        618-632-9749 FAX
        team@rrccfirm.com