UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID CANANIA AND CHERYL CANANIA, <br><br> Plaintiffs, <br><br> v. <br><br> STEVEN DIPPOLD AND DIPPOLD TRUCKING, a corporation, <br><br> Defendants. | Case No. 3:22-cv-02421-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on a Motion to Quash the Defendants' Subpoena. (Doc. 74). The Defendants issued a subpoena for four years of financial and tax information from Dr. Kevin Rutz, Mr. Canania's treating physician, employed by Non-party Orthopedic Specialists. The Defendants' subpoena is similar to the Plaintiffs' subpoena of the Defendants' expert witness, Dr. Robert Bernardi—which itself was the subject of an earlier controversy. The Defendant indicated that they would agree to a protective order for Dr. Rutz, mirroring the protective order for Dr. Bernardi.

Non-party Orthopedic Specialists filed their Motion to Quash on September 18, 2024. Orthopedic Specialists argued that Dr. Rutz was not subject to Rule 26 because he was not a retained expert. *See* Fed. R. Civ. P. 26. Additionally, Orthopedic Specialists argued that the subpoenaed information was overbroad, unduly burdensome, and was immaterial to Dr. Rutz's involvement. The Plaintiff concurred with Orthopedic Specialists. The Court called a hearing on the motion.

The key issue here is whether Dr. Rutz is considered a treating physician or a retained expert for the purposes of Rule 26. *See* Fed. R. Civ. P. 26. Being duly advised in the premises

having fully considered the issues and arguments raised, the Court finds that Dr. Rutz is a treating physician not a retained expert for the purposes of Rule 26. Accordingly, the Court **GRANTS** Non-Party Orthopedic Specialists' motion, (Doc. 74), **FINDS AS MOOT** the duplicate motion, (Doc. 78), and hereby **QUASHES** the Defendant's subpoena.

I.     BACKGROUND

On July 20, 2022, the Plaintiff, David Canania, was driving 55-N in Collinsville, IL, when he was struck by the Defendant, Steven Dippold of Dippold Trucking. After the collision, on August 3, 2022, Mr. Canania went to an urgent care facility for the pain. MRI and CT scans were ordered and he was provided with medication. However, Mr. Canania's condition had not improved.

On August 4, 2022, Mr. Canania's counsel arranged for him to see Dr. Rutz, an orthopedic surgeon.[1] Rutz did "not see any clear structural pathology . . . . [nor] see any surgical indications." Thus, Dr. Rutz transferred Mr. Canania's care to Dr. Hurford, a physiatrist. The Plaintiffs filed their lawsuit two months later on October 10, 2022. On January 4, 2023, the Plaintiff disclosed Dr. Rutz as an unretained expert.

On March 7, 2023, Mr. Canania returned to Dr. Rutz, because he was still suffering from pain and presented some new symptoms. Rutz ordered an updated MRI that took place on March 21, 2023. In early May of 2023, Dr. Rutz performed surgery on Mr. Canania. Rutz followed up with Mr. Canania a couple weeks later and then again in November and December of that same year. Rutz did not see Mr. Canania again until January 30, 2024.

On March 22, 2024, Dr. Rutz determined that Mr. Canania had reached maximum

---

[1] On the document filed by Plaintiffs entitled "Spine Questionnaire," under the question that stated "Please provide the name and address of your Referring Physician," Mr. Cannia wrote "Rich Rich Cooksey Chapple Law Firm," the same law firm representing the Plaintiff. That questionnaire was filled out on August 4, 2022. (Doc. 84, Ex. 1).

functional capacity. Rutz wrote a letter "to whom it may concern" indicating that he prescribed a permanent 25-pound lifting restriction. On that same day, Rutz also wrote a letter to Plaintiffs' counsel. That letter included the same information about the lifting restriction; however, Rutz added his estimation of the surgical costs, surgical assist fees, and facility fees.

On August 8, 2024, Dr. Rutz was deposed. In his deposition he mentioned that, one week before his deposition in this case, that Plaintiffs' counsel had dropped off certain records to review before his deposition date and paid $2,000 to review them. These records included the urgent care documents, Dr. Hurford's records, Dr. Bernardi's report, Dr. Bernardi's deposition, Mr. & Mrs. Canania's depositions, and Dr. Rutz's own deposition from a workman's compensation case that surrounds this same incident. One week before his deposition, Dr. Rutz called Plaintiffs' counsel to ask what the issues in the case were and he was informed of Dr. Bernardi's contrasting opinion. Rutz spoke with Plaintiffs' counsel again the day before his deposition in this case.

On August 9, 2024, the Defendants issued their subpoena to Non-party Orthopedic Specialists requesting four years of financial and tax information from Dr. Rutz. The Non-party filed the present motion to quash in response on September 13, 2024. After multiple briefs were filed, the Court called a motion hearing. On October 29, 2024, the Court held that hearing and heard arguments from all sides. The Court then took the matter under advisement.

## II.     LEGAL STANDARD

Disclosure of experts is covered by Rule 26 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 26. Whether a witness is considered an expert witness determines whether they must provide a written report. *See* FED. R. CIV. P. 26(a)(2)(B). There was some dispute over the scope of Rule 26 and whether it covered treating physicians so, in 2010, Rule 26 was amended. The

Advisory Committee wrote:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony . . . . examples include physicians or other healthcare professionals and employees of a party who do not regularly provide expert testimony.

FED. R. CIV. P. 26 advisory committee's notes to 2010 amendment. The Advisory Committee delineated a class of witnesses who provide both fact and expert testimony. The outstanding question is how to differentiate a witness who is an expert from an expert witness.

Some of the case law surrounding this issue predate the 2010 amendment, however, the broad consensus appears to be that a treating physicians form their opinions through the course of treatment, while expert witnesses in contrast form their opinions based solely information provided by plaintiffs' counsel, for the purposes of litigation. *E.g., Mohney v. USA Hockey, Inc.*, 300 F. Supp. 2d 556, 556 (N.D. Ohio Jan. 23, 2004). *Jimenez-Sanchez v. Caribbean Rests., LLC.*, 483 F. Supp. 2d 140, 140 (D.P.R. Mar. 5, 2007). *Aurand v. Norfolk S. Ry. Co.*, 802 F. Supp. 2d 950, 950 (N.D. Ind. Jul. 18, 2011).

Turning to the Rules of Evidence offers some additional clarity. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

FED. R. EVID. 702. A reading of Rule 26, informed by a reading of Rule 702, suggests that the factor that differentiates a witness who is an expert and an expert witness is first-hand knowledge. A witness that has first-hand knowledge of the case by being, for example, a treating physician, can provide expert testimony as it relates to their treatment and prognosis, but they are

not an expert witness for the purposes of Rule 26. Whereas a lay witness's testimony informs the jury on the happenings within a case, an expert witness's testimony explains that information or "translates,"—for lack of a better word—sophisticated information into information the layman can easily understand. An expert is sought for their knowledge and ability to explain things to a jury, they are not sought for their first-hand knowledge of the case. In sum, it seems that it is first-hand knowledge of the case that is the dispositive factor in determining whether a witness could be classified as an expert or lay witness.

### III. ANALYSIS

The Defendant has asked for a large amount of information that, undisputedly, would place a large burden on Dr. Rutz. While the effort and cost of producing and searching for that information does not seem commensurate with the benefit it may have in impeaching Rutz's credibility, here, the Court is not asked to weigh the evidentiary value of that possible information. The Court is tasked with determining whether Dr. Rutz is an expert witness or not.

At the hearing, the Plaintiff confirmed that they plan for Dr. Rutz to testify as to damages. The Defendant believes that this demonstrates the Plaintiffs intend to use the treating physician exception as a Trojan horse, allowing Dr. Rutz to escape the disclosure requirements but still allow him to provide expert testimony on damages. The Defendant understandably raises the concern that, if Rutz can be allowed to escape disclosure for being a treating physician when he has been "converted" to an expert witness by the Plaintiffs' payment and preparation, then this leaves Rule 26's treating physician exception ripe for misuse and gamesmanship. This Court disagrees.

Dr. Rutz was Mr. Canania's treating physician. While Canlania was referred to Rutz by Plaintiffs' counsel, Dr. Rutz performed surgery on Mr. Canania and was actively involved in his

treatment. Dr. Rutz is not some disinterested or outside expert looking in on Mr. Canania's treatment after-the-fact and judging whether his treatment was adequate. Dr. Rutz has direct first-hand knowledge of this case as Mr. Canania's treating physician.

The Defendants do raise a valid concern over the Plaintiffs' plans to call Rutz as a witness for damages to testify what the prospective costs of his future treatment would be. While this would ordinarily be the domain of an expert witness, Dr. Rutz is an expert in his field who has already performed similar services and he is very active in his practice. While Dr. Rutz would be providing expert testimony for that portion, it does not convert Dr. Rutz to an expert witness. Dr. Rutz, perhaps better than any other witness, seems the most well equipped to provide accurate information on future costs for Mr. Canania. Thus, whether Dr. Rutz testifies as to his treatment or the costs, he is not an expert witness and therefore, he is not subject to the disclosure requirements.

## IV. CONCLUSION

Finding that Dr. Rutz is not an expert witness and, therefore, is not required to provide an expert report under Rule 26 of the Federal Rules of Civil Procedure; the Court hereby **GRANTS** Non-party Orthopedic Specialists' Motion to Quash, (Doc. 74), and **QUASHES** the Defendants' subpoena for Dr. Rutz. As a second, duplicate motion to quash was filed, (Doc. 78), the Court **FINDS AS MOOT** the duplicate motion.

**IT IS SO ORDERED.**
**DATED:  October 31, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**