UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

DAVID CANANIA AND CHERYL CANANIA )
                                                    )

   Plaintiffs,                          )

                                               )

vs.                                       ) NO:   3:22-cv-02421 JPG

                                             )

                                             )

STEVEN K. DIPPOLD AND )
DIPPOLD TRUCKING, a corporation )
                                             )

   Defendants.                     )

## FINAL PRETRIAL ORDER

       This matter is before the Court at a Final Pretrial Conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**PLAINTIFFS' COUNSEL:**
Michelle M. Rich
Kristina D. Cooksey
Rich, Rich, Cooksey & Chappell, P.C.
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
(618) 632-0044
team@rrccfirm.com

Timothy D. Whiting
Whiting Law Group
901 West Jackson Blvd., Suite 400
Chicago, IL 60607
(312) 372-1655
tim@whitinglawgroup.com

**DEFENDANTS' COUNSEL:**
Lawrence S. Hall
Matthew E. Kouri
Chartwell Law Offices, LLP
500 N. Broadway, Suite 1610
St. Louis, MO 63102
lshall@chartwelllaw.com
mkouri@chartwelllaw.com

## I.      NATURE OF THE CASE

This is civil action for personal injuries suffered by David Canania and a loss of consortium claim brought by Cheryl Canania.

This action arises out of a rear-end collision which occurred on July 20, 2022, on Interstate 55 Northbound in Collinsville, Illinois, when a tractor trailer being operated by the Defendant, Steven Dippold, an agent and employee of Dippold Trucking, collided with the rear of the truck being operated by David Canania.

Defendants admit that they were negligent in failing to keep a proper look out, driving their vehicle in such a manner as to cause their vehicle to strike the rear of Plaintiff's vehicle, and failing to timely apply the brakes of his vehicle. Defendants admit that their negligence caused the collision to occur.

Plaintiff, David Canania, claims that he was injured as a result of the crash and has lost wages and will continue to suffer loss of earnings in the future. Defendants admit that their negligence was a proximate cause of injury to Plaintiff.  The parties dispute the extent of injuries sustained by David Canania.

Plaintiff, Cheryl Canania, is the spouse of David Canania and has made a claim for loss of consortium against the Defendants. The parties dispute the extent of injuries sustained by Cheryl Canania.

## II.      JURISDICTION

A.  This is an action for money damages.
B.  The jurisdiction of the Court is not disputed.

   1.  This Court has original jurisdiction over this action under 28 U.S.C. §1332, in that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and Plaintiffs are citizens of states which are different from where Defendants reside, are incorporated, and have their principal place of business.  Venue is proper in this district because the crash occurred within this Court's jurisdiction.

## III.      UNCONTROVERTED FACTS

The following facts are not disputed or have been agreed to or stipulated by the parties:

1.      On July 20, 2022, Defendant Steven Dippold was the owner of Dippold Trucking and was operating under the motor carrier authority of Defendant Dippold Trucking.
2.      Defendant Dippold was driving a tractor trailer.
3.      The tractor and the trailer Defendant Dippold was hauling was owned by Dippold Trucking.

4.      Mr. Dippold was driving the tractor trailer in the course and scope of his employment with Dippold Trucking.

5.      On July 20, 2022, David Canania was driving a tractor trailer Northbound on Interstate 55 in Collinsville, Illinois.

6.      Mr. Canania was employed by Woody Bogler Trucking as an over-the-road truck driver.

7.      Mr. Canania's tractor trailer was stopped in traffic at the time he was struck by Mr. Dippold's vehicle.

8.      While he was stopped in traffic, Mr. Canania's semi tractor trailer was rear-ended by the tractor trailer operated by Mr. Dippold. [1]

## IV.     AGREED TO ISSUES OF LAW

The Defendants have admitted that they were negligent in failing to keep a proper lookout, driving their vehicle in a manner as to cause it to strike the rear of Plaintiff's vehicle, failed to timely apply the brakes of their vehicle, and that their negligence caused the collision with Plaintiff's vehicle to occur. Defendants admit that their negligence proximately caused injury to Plaintiff. The parties dispute the extent of injuries sustained by Plaintiffs.

## V. WITNESSES

A. List of witnesses Plaintiffs expect to call, including experts:
1. Expert witnesses
   i. Dr. Kevin Rutz, MD (by Zoom)
   ii. Dr. Patricia Hurford, MD
   iii. Timothy D. Kaver, CRC

---

[1] Plaintiffs would submit the following facts are also uncontroverted, to which Defendants would not agree:

1.  Defendant Dippold was hauling a load of grain weighing 79,940 pounds at the time of the crash.
2.  Mr. Dippold's vehicle was traveling 57 miles per hour immediately prior to applying his brakes.
3.  Immediately prior to the collision, Mr. Dippold was looking down and when he looked up he realized he could not avoid striking Mr. Canania's tractor trailer.
4.  Mr. Dippold applied the brakes of his vehicle 1-2 seconds before striking the rear of Mr. Canania's semi tractor trailer.
5.  Mr. Canania's vehicle was pushed forward upon impact.
6.  July 20, 2022 was a clear day and the roadway in the area of the collision was dry, straight and relatively flat and level.
7.  Mr. Dippold's truck was not defective in any way and there is no allegation that any defect of his tractor trailer caused the collision.
8.  The cab of Mr. Dippold's tractor trailer was totaled as a result of the crash and was not drivable from the scene.
9.  The trailer of Mr. Canania's tractor trailer was totaled as a result of the crash and was not drivable from the scene.
10. The collision caused the fuel tank of Mr. Canania's tractor trailer to rupture and leak 30 gallons of diesel fuel into the roadway.
11. The photographs contained in Plaintiffs' Group Exhibits 44 and 45 accurately depict the damage done to both vehicles as a result of the crash.

    2. Non-expert witnesses.
        i.     Steven Dippold
        ii.    David Canania
        iii.   Cheryl Canania
        iv.   Spencer Canania
        v.     Cheryl Danz
        vi.   Joseph Brickel

B. List of witnesses defendant expects to call, including experts:
    1. Expert witnesses.
       i.  Dr. Robert Bernardi, MD
       ii.  Jason Purinton, MS, LPC, CRC, CVE
    2. Non-expert witnesses
       i.  Joseph Brickel
       ii.  Steven Dippold

C. Rebuttal witnesses. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

## VI.    EXHIBITS

See the attached Pretrial Exhibit Stipulation as Exhibit A.

## VII.    DAMAGES

Plaintiffs are seeking damages for Plaintiff David Canania's past and future medical expenses, past and future lost wages, past and future pain and suffering, past and future loss of a normal life, and past and future emotional distress. Plaintiff Cheryl Canania is seeking damages for past and future loss of consortium.

## VIII.    BIFURCATED TRIAL

The parties do not desire a bifurcated trial.

## IX.    TRIAL BRIEFS

A. Plaintiffs' Motions:
1. Plaintiffs' Omnibus Motions *in limine*
2. Motion *in limine* to allow post-crash photographs of damage to the vehicles of Plaintiff and Defendant
3. Motion *in limine* to prohibit Defendants from arguing potential alternative causes of Plaintiff's injuries
4. Motion *in limine* to exclude evidence or testimony of Plaintiff's prior thoracic spine injury
5. Motion *in limine* to limit the testimony of Joseph Brickel
6. Motion *in limine* to bar the admission of the audio recording produced by Woody Bogler and limit testimony relating to the audio recording

7. Motion for Judicial Notice of the Administrative Decision of the Illinois Workers' Compensation Commission
8. Supplemental Motion for Judicial Admission of the Opinion and Decision on Review of the Illinois Workers' Compensation Commission and Motion to Exclude Evidence pursuant to Fed. R. Evidence 403

B. Defendants' Motions
   1. Motion to Limit Opinions of Tim Kaver
   2. Motion to Limit Opinions of Dr. Kevin Rutz and Dr. Patricia Hurford
   3. Motion to Limit Dr. Kevin Rutz's Testimony and Opinions
   4. Defendants' Omnibus Motions *in limine*

## X.     LIMITATIONS, RESERVATIONS, AND OTHER MATTERS

A. **Trial Date.**  Trial of this cause of set for the week of March 31, 2025.
B. **Length of Trial.**  The probable length of trial is 3 days.  The case will be listed on the trial calendar to be tried when reached.  See Exhibit B, Plaintiffs' Witness List and proposed timing of testimony.

Mark Appropriate Box:    JURY……..  _X_
                         NON-JURY ____

C. **Number of Jurors.**  There shall be a minimum of six jurors.
D. **Jury Voir Dire.**  The Court will conduct *voir dire*.  Limited participation by counsel may be permitted.  The parties would propose that counsel for each party be allowed 45 minutes for *voir dire*.  Plaintiffs' proposed *voir dire* questions for the Court are attached as Exhibit C.
E. **Jury Instructions.**  All jury instructions shall be submitted as directed by the presiding judge and a copy delivered to opposing counsel.
   **IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action or before to prevent manifest injustice or for good cause shown.  Such modification may be made either on application of counsel for the parties or on motion of the Court.

**IT IS SO ORDERED.**
**DATED:** March 4, 2025

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**