UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID CANANIA & CHERYL CANANIA, <br><br> Plaintiffs, <br><br> v. <br><br> DIPPOLD TRUCKING & STEVEN DIPPOLD, <br><br> Defendants. | Case No. 3:22-cv-2421-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a stipulation filed by the Plaintiffs and signed by both parties dismissing Cheryl Canania and her claims from this suit but retaining David Canania's claims. (Doc. 126). The Plaintiffs filed their stipulation on March 21, 2025.

Until recently, stipulations of dismissal were a permissible way to dismiss a party from a suit; now, however, parties seeking to dismiss a plaintiff or a defendant should file a motion to amend the complaint striking all claims and parties eliminated from the suit. *See* SDIL-LR 15.1(b)(1), 15.1(b)(2). However, "courts have broad discretion to determine how and when to enforce local rules . . . and they have the inherent authority to decide when a departure from their Local Rules should be excused." *Murata Mfg. Co. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 474 (N.D. Ill. May 2, 2007) (internal citations omitted). The Court finds that a departure is warranted here.

Given Cheryl Canania's claims were severable from David Canania's and both parties have agreed to the modification, it would be inefficient and cause unnecessary delay to require the Plaintiff amend the complaint to strike Cheryl Canania's claims. Therefore, the Court **FINDS AS VALID** the stipulation of dismissal, (Doc. 126), and, consequently, the stipulation is

1

self-effectuating under the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(a)(1)(A)(ii). Accordingly, Cheryl Canania's claims against the Defendants are hereby dismissed from this suit; David Canania's claims remain as they were stated in the amended complaint. (Doc. 12).

**IT IS SO ORDERED.**
**DATED: March 27, 2025**

*s/ J. Phil Gilbert*_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**