# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID CANANIA AND CHERYL CANANIA, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Law No.: 3:22-cv-02421 JPG ) |
| STEVEN K. DIPPOLD AND DIPPOLD TRUCKING, a corporation, | ) ) ) |
| Defendants. | ) |

## EMERGENCY MOTION TO SEAL TRIAL TRANSCRIPT

COME NOW Defendants STEVEN K. DIPPOLD (hereinafter "Dippold") and DIPPOLD TRUCKING, and for their Emergency Motion to Seal Trial Transcript, state as follows:

1. The Defendants request that any reference to Dr. Robert Bernardi's financial income in the trial transcript be sealed and/or redacted. While trial transcripts have not been made remotely available yet, Defendants find the need to file this motion as soon as possible in light of recent events they have been made aware of.

2. Pursuant to Fed. R. Civ. P. 5.2(e), "[f]or good cause, the court may by order in a case, require redaction of addition information; or limit or prohibit a nonparty's remote electronic access to a document filed with the court."

3. In this case, there were multiple filings, and two hearings related to Dr. Robert Bernardi's financial records. Ultimately, this Court entered in a protective order for the four years of Dr. Robert Bernardi's financial documents produced by Non-Party Olive Surgical, Ltd. (Doc. 73.)

4. In entering this protective order, this Court stated:

In summary, examining Plaintiffs' counsel's reasoning for opposing this protective order makes little sense. The public is unlikely to even see these documents, any value Dr. Bernardi's financial documents would have in future litigation involving him would be minimal to nonexistent, Plaintiffs' counsel are more than capable of disposing of these documents after litigation has ended, and it seems that the only reasons for opposing the protective order are inappropriate—either to chill, harass, deter, or embarrass Dr. Bernardi and other witnesses; or alternatively to trade in Dr. Bernardi's information. Regardless of how the Court rules, Plaintiffs' counsel's persistence and insistence that they be given as much information as possible and be allowed to retain these documents after litigation—despite its minimal benefit—does not aid **in the perception that Plaintiffs' demands are being driven by some ulterior motive**. For all these reasons, Olive Surgical has met their burden and shown that there are more than sufficient grounds for concluding that good cause exists under Fed. R. Civ. P. 26(c) to prevent public disclosure of Dr. Bernardi's financial documents. Accordingly, the Court grants Olive Surgical's request for a protective order.

(Doc. 73.) (emphasis added).

5. The protective order entered by this Court (Doc. 73) states, in pertinent part,

Except for use by Qualified Persons, **no document or other written material which contains or makes reference to Confidential Material may be photocopied, transcribed electronically, or otherwise reproduced, summarized or digested in any manner without the prior written approval of the party producing said document**. The person, corporation, partnership, association, trust or entity seeking such approval shall specify the reasons and circumstances underlying such request and shall certify that only those authorized to receive Confidential Material under the terms of the Protective Order will receive Confidential Material as a result of such copying or reproduction. For the purpose of this Protective Order, transmission by facsimile and/or email is deemed to be copying or reproduction.

(Doc. 73.) (emphasis added).

6. It is noteworthy, upon information and belief, that Dr. Robert Bernardi was unable to confirm with certainty during his testimony at trial that the monetary figure for the previous four years represented to him by Plaintiff's counsel was accurate. Plaintiff's counsel never introduced financial records into evidence. Accordingly, the monetary figure mentioned by Plaintiff's attorney at trial is not necessarily accurate.

7. Finally, the urgency behind this motion is that, not more than one week after completion of trial in this case, a member of Plaintiff's counsel's law firm, Rich, Rich, Cooksey & Chappell, Aaron Chappell, deposed Dr. Robert Bernardi in another matter.

8. During this deposition, Aaron Chappell used the information within the Confidential Materials against Dr. Robert Bernardi.

9. Despite being admonished at hearing by this Court when Plaintiff's counsel expressed their desire to use this information in future cases, counsel has already run astray of the Protective Order and this Court's ruling.

10. In this Court's ruling (Doc. 73), this Court stated:

> If litigants in future cases where Plaintiffs' counsel are involved knew that any expert they sought to hire, by agreeing to be an expert witness against Plaintiffs' counsel's client, would entirely forfeit their right to privacy and have nearly a decade of their personal financial records easily, indefinitely accessible on the internet; it would have an extraordinary chilling effect. Courts are not omniscient; our judicial system relies on expert witnesses in many areas. Imposing a chilling effect of the magnitude the Plaintiffs request would discourage experts from sharing knowledge that may be vital to deciding cases. Thus, public policy weighs in favor of granting the protective order.

11. Accordingly, good cause exists to seal and/or redact the portions of the trial transcript in this case that reference a monetary figure for Dr. Robert Bernardi's income in the previous four years. Further, good cause exists for this issue to be addressed as soon as possible.

WHEREFORE, Defendants STEVEN K. DIPPOLD and DIPPOLD TRUCKING, respectfully request this Court to redact any reference to Dr. Robert Bernardi's financial income in the trial transcript, and for such further relief that is just and proper.

        STEVEN K. DIPPOLD and
        DIPPOLD TRUCKING, Defendants

        By: */s/ Lawrence S. Hall*
                Lawrence S. Hall, #6307837
                Matthew E. Kouri #6339238

THE CHARTWELL LAW OFFICES, LLP
500 N. Broadway
Suite 1610
St. Louis, Missouri 63102
Telephone 314.350.2640
PRIMARY E-MAIL: eservicestlouis@chartwelllaw.com
Secondary E-Service: lshall@chartwelllaw.com
Secondary E-Service: mkouri@chartwelllaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on April 11, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mr. Thomas C. Rich
Mrs. Kristina D. Cooksey
Ms. Michelle M. Rich
Rich Rich Cooksey Chappell
#6 Executive Drive, Suite 3
Fairview Heights, IL 62208
team@rrccfirm.com

Mr. Timothy Whiting
Whiting Law Group, LTD
901 W. Jackson Blvd, Suite 400
Chicago, IL 60607
tim@whitinglawgroup.com
katherine@whitinglawgroup.com

*Attorneys for Plaintiffs*

                                                  /s/ *Katie N. Knipp*