UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID CANANIA, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN K. DIPPOLD AND DIPPOLD TRUCKING, <br><br> Defendants. | Case No. 3:22-cv-2421-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on a variety of post-judgment motions. (Doc. 144, 147, 150). The motions here revolve around whether Plaintiff's counsel's use of Dr. Bernardi's income as a result of litigation is considered protected information after litigation has concluded.

Plaintiff's counsel deposed Dr. Bernardi in an unrelated case and used his testimony from the trial as a basis for their question. Defendants and Third-Party Olive Surgical (hereinafter "opposing counsel") argue that the Plaintiff's use of the information is in direct violation of the protective order that prohibited use of Dr. Bernardi's tax and financial records for subsequent, unrelated litigation. Whether this question violated the protective order turns on its source and availability.

At trial, the Plaintiff questioned Dr. Bernardi, asking him if he had any basis to disagree with making approximately $2.4 million through expert testimony in the past four years. This question was objected to both at trial and the deposition. While the Plaintiff blatantly misstated and mischaracterized Dr. Bernardi's answer, Dr. Bernardi answered the question. Plaintiff's counsel claims that the trial is a matter of public record and, therefore, they are free to reference this information in future cases. Opposing counsel disagreed and filed an objection.

1

The Court called a hearing at the Defendants' request. At that hearing, Plaintiff's counsel once again renewed tired and erroneous claims that Defendants' counsel have made inaccurate statements to the Court and litigated in bad faith.

Opposing counsel argues that the $2.4 million figure only became available to the Plaintiffs through the protected information that Dr. Bernardi produced. This is a "summary" of the confidential information and, as the protective order explicitly states, such summaries—even if brought up directly in a deposition or trial—remain confidential. Their argument is persuasive, but ultimately unsuccessful.

Opposing counsel is correct that summaries are prohibited under the protective order. They are also correct that the information could be characterized as a "summary," and that raising this information in trial alone does not dimmish its confidentiality. Plaintiff's counsel argues that they did not admit Dr. Bernardi's financial documents as evidence and, therefore, the protective order is not implicated. Whether the protected information was introduced into evidence or not is a red herring; the protective order clearly states that the confidential information remains confidential.

There has been a lot said about whether another party sitting in the gallery could use the information. This is another red herring. The issue is not whether the information *in and of itself* is confidential; the issue is whether the Plaintiff's use of that information was permissible. The protective order did not bind the gallery or the jury, it bound the parties. Under that protective order, the parties can challenge the confidential designation of a document through an appropriate motion with the Court seeking the confidential designation be vacated. "The party challenging the confidentiality bears the burden of demonstrating the propriety of the

designation." (Doc. 73). A party bound by that protective order should not decide it upon themselves that they can use the information without confirmation.

The trial transcript is a matter of public record. The Court is hesitant to redact any portion of a transcript; that is an extraordinary measure—a measure that is disproportionate to the information at controversy here. While the protective order bound the Plaintiff, it did not bind the public. For both these reasons, the Court finds it would be inappropriate to redact the transcript.

The Plaintiff is partially correct when he states that the information, while derived from protect material, was not inherently protected. Undoubtedly, the Plaintiff *should* have conferred with opposing counsel and/or moved to vacate the confidentiality of this information before using it in a deposition. The text of the protective order was clear. It would be best practice to confirm that information is not confidential before risking running afoul of the protective order. The Plaintiff is fortunate that the Court finds the information is not confidential.

The $2.4 million figure summarizes the income Dr. Bernardi received from testifying in other cases over the previous four years. This summary obviously implicates the protective order—that alone should have been sufficient for the Plaintiff to take the precautionary step of ensuring that the information was no longer confidential. The Court will now, *sua sponte*, move to vacate the confidentiality of the $2.4 million figure.

Dr. Bernardi's financial documents here were designated as confidential for several reasons, which the Defendants have reiterated in their filings. These reasons were, *inter alia*, to avoid infringing on Dr. Bernardi's privacy by preventing broad dissemination of financial records when they are not a genuine issue in the case. The Court added that there did not appear to be a legitimate purpose for requesting the breadth and depth of financial documents from Dr.

Bernardi; thus, another reason for the protective order was to prevent harassment, among other inappropriate purposes. Additionally, the information was not publicly available at that point. The $2.4 million figure does not meet any of these criteria.

The fact that Dr. Bernardi receives $2.4 million from testifying as an expert witness has no danger of infringing on his privacy; no details about his life can be reconstructed solely from that knowledge.

Furthermore, while Dr. Bernardi's financial records over the previous ten years are not an issue in this case, the amount that he made testifying for particular parties within a reasonable time frame (four years) is strictly relevant to evaluating the validity of his testimony—unlike ten years of his general tax and financial records.

Additionally, there is little danger in that number alone being used to harass, chill, or deter his testimony; expert witnesses can expect to be asked how much they are paid for their testimony—if that alone were enough to deter or chill their testimony, there would be a dearth of expert witnesses currently, but there is not.

Lastly, that information was not publicly available at the time the protective order was entered; that information is publicly available now. Admittedly, this is a circular argument—if one discloses confidential information improperly, then that information is now publicly available—however, the Court cannot ignore the reality that, when something is publicly known, it de facto ceases to be confidential, even if, de jure, it remains so. This factor alone is not dispositive, but it can tip the balance.

In short, while the Plaintiff did not follow the appropriate procedures for ensuring this information could be used outside this litigation, and opposing counsels' arguments are persuasive, as the Court has determined the information is no longer confidential, the Court must

vacate the confidentiality of the $2.4 million figure. While the Court must vacate the confidentiality of that particular piece of information, this finding should not be interpreted as an endorsement of the Plaintiff's use of this information in a different proceeding without confirmation, nor should the Court's ruling be interpreted as vacating the protective order. The Court's decision is confined *solely* to the $2.4 million, as it was stated at trial. Thus, if the Plaintiff plans to use any protected information in the future, the Plaintiff should follow the protective order and move to vacate the confidentiality of that information first.

### CONCLUSION

Finding that the protected information the Plaintiff used in a deposition in another case was no longer confidential, the Court has vacated the confidentiality of the $2.4 million figure *alone*. The confidentiality of all other protected information remains intact. In light of these findings, being duly advised in the premises, having fully considered the issues and arguments raised, the Court hereby **DENIES** the emergency motion to seal the transcript, (Doc. 144), and the motion for an order to show cause and hold counsel in contempt. (Doc. 147).

Given the Plaintiff has filed a motion for a new trial, (Doc. 150), the Court will **DEFER** ruling on the Motion for Taxation of Costs, (Doc. 143), until that matter is resolved.

**IT IS SO ORDERED.**
**DATED:  April 29, 2025**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**