UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID CANANIA, | |
| Plaintiff, | |
| v. | Case No. 3:22-cv-2421-JPG |
| STEVEN K. DIPPOLD and DIPPOLD TRUCKING, | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff David Canania's motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A) (Doc. 150). Defendants Steven K. Dippold and Dippold Trucking (collectively, "Dippold") responded to the motion (Doc. 152), and Canania replied to that response (Doc. 153). Because Canania has not established any justification for a new trial, the Court will deny the motion.

**I.    Background**

Canania's[1] civil action for personal injuries arose out of a rear-end collision on July 20, 2022, on the northbound lanes of Interstate 55 in Collinsville, Illinois. A tractor-trailer operated by Steven K. Dippold, an agent and owner of Dippold Trucking, collided with the rear of the tractor-trailer driven by Canania. Canania asserted that the accident injured his lumbar spine, required spinal fusion surgery in his lower back, and rendered him unable to work again. Before trial, the defendants admitted they were negligent in a number of ways and that their negligence caused the collision. However, they disputed the extent and severity of Canania's injuries caused

---

[1] Counts III and IV, loss of consortium claims by Cheryl Canania, were dismissed with prejudice by stipulation shortly before the trial began (Doc. 126).

by the crash, including that he needed spinal fusion surgery and that he would suffer damages in the future. The trial addressed only the question of Canania's damages from his lumbar spine injury and emotional injury.

This case was tried to an eight-person jury on March 26, 2025, and then from March 31, 2025, to April 2, 2025. On the final day, the jury rendered a verdict in favor of Canania in the total amount of $1 million, comprising itemized damage amounts for loss of a normal life, pain and suffering, emotional distress, medical expenses, and lost earnings (Doc. 133). Judgment was entered on April 4, 2025 (Doc. 139).

A few weeks later, Canania filed the pending motion for a new trial (Doc. 150). He believes the amount of the verdict was insufficient because the Court allowed improper evidence and argument, refused to conduct sidebar conferences for evidentiary objections, and refused to give the itemized verdict form Canania proposed. The defendants correctly note that Canania failed to cite to the record in support of his assertion of trial error as required by SDIL-LR 7.1(a)(2); they also, however, failed to attach trial exhibits they referenced, which were not retained by the Court after trial and thus are not available for the Court's review now. Consequently, the Court is proceeding without the benefit of documentation of what happened in the trial.

## II.     Standard for New Trial

Rule 59(a)(1)(A) allows the Court discretion to grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." This includes where the verdict is against the manifest weight of the evidence or the trial was unfair to the moving party. *Venson v. Alamirano*, 749 F.3d 641, 657 (7th Cir. 2014); *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004). A party seeking to overturn a jury verdict in a motion for a

2

new trial bears a heavy burden. *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 876 (7th Cir. 2011); *Snipes v. Ill. Dep't of Corr.*, 291 F.3d 460, 463 (7th Cir. 2002) (alleged evidentiary errors reviewed for abuse of discretion).

### III.   Discussion

The Court will address Canania's proffered justifications for a new trial one at a time, refencing the Court's recollection of the relevant pretrial and trial events and motion arguments as it considers each asserted error.

A.   <u>Evidence and Argument Allowed</u>

Canania claims the Court made evidentiary errors at trial that prejudiced his case such that he should be granted a new trial. He believes that the evidentiary errors caused the jury to render an unfairly low verdict.

Evidentiary errors, considered alone or cumulatively, will be a basis for a new trial only if the errors had a substantial influence over the jury and the result was unjust, that is, where there is a significant chance that the wrongly introduced evidence affected the outcome of the trial. *Jordan v. Binns*, 712 F.3d 1123, 1137 (7th Cir. 2013); *E.E.O.C. v. Mgmt. Hosp. of Racine, Inc.*, 666 F.3d 422, 440 (7th Cir. 2012); *Farfaras v. Citizens Bank & Tr. of Chi.*, 433 F.3d 558, 564 (7th Cir. 2006); *see* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting evidence . . . is grounds for granting a new trial. . . .").

Canania has not carried his burden because he has not cited any part of the trial transcript where he claims the Court erred in admitting evidence. His burden to prove he is entitled to a new trial is heavy, and without citation to the trial record, he does carry it. Nevertheless, the Court addresses his contentions based on its own recollection of the trial.

3

### 1. Canania's Prior Back Pain

Canania suffered a thoracic back injury and thoracic pain prior to the accident; the injuries in this case were lumbar spine and emotional injuries. Canania objected numerous times during the trial to admission of his prior back pain and post-accident thoracic pain. He contends the Court erred in ruling on his objections.

He argues that the Court erred in allowing evidence of his prior mid-back condition without expert evidence that it caused or contributed to the present injury to his lumbar spine as required under Illinois law. *See Voykin v. Estate of DeBoer*, 733 N.E.2d 1275 (Ill. 2000). *Voykin* is Illinois' answer to ensuring evidence of prior injury is relevant and reliable. Federal courts also require testimony to be relevant and reliable, but the admissibility of particular evidence offered is subject to federal procedural law. *Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 767 (7th Cir. 2013); *Ueland v. United States*, 291 F.3d 993, 998 (7th Cir. 2002) (*Voykin* not relevant where Federal Rules of Evidence assure reliability). The Court ruled at trial that Canania's thoracic back pain before and after his injury was relevant to the extent of the injuries caused by Dippold and to Canania's future employability and that it was reliable enough to present to the jury. Canania has not shown that the Court abused its discretion in admitting that evidence in support that that contention.

Canania also argues that admission of his prior back pain violated the Court's ruling on his motion in limine (Doc. 99) at the Final Pretrial Conference. The Court granted Canania's motion in limine seeking to bar any reference to or argument regarding Canania's preexisting thoracic spine injury but said if Canania opened the door, Dippold could impeach with the evidence. FPTC Tr. 6:18-23 (Doc. 122). It further clarified that Dippold could inquire about "daily back pain" Canania suffered before the accident, but could not inquire as to a prior injury

4

to his thoracic spine. FPTC Tr. 7:7-10, 9:15-19, 10:9-12. At trial, Canania objected to evidence he believed went over the line, and the Court ruled in conformity with its ruling on the motion in limine. Canania has not pointed to any inconsistent ruling in the record or to any mention by Dippold of a thoracic back injury. To the extent Dippold may have referred in passing to back pain in the thoracic spine, Canania has not shown its mention had a significant chance of affecting the outcome of the trial.

### 2. Hypothetical Alternative Causes

Canania objects to the Court's allowing Dippold to reference, without any medical evidence, Canania's low back pain and radiculopathy into his legs being caused by a "bad injection" or diabetic neuropathy. He notes that the Court granted a motion in limine excluding the potential alternative causes of obesity and smoking (Doc. 101). Later, Dippold's medical expert testified that Canania's symptoms were not caused by diabetes or a "bad injection." Dippold contends that it did not offer diabetes or a "bad injection" as alternative causes of Canania's low back pain. Instead, it says it offered Canania's failure to improve after an injection to support the theory that Canania was exaggerating his complaints. And it claims Canania himself brought the issue of numbness in his feet to the trial not in relation to his low back pain but to argue he could no longer work.

The Court does not recall the specific context of any reference to a "bad injection" or to diabetic neuropathy other than to say that when Canania objected to it, the Court exercised its discretion to allow or exclude the evidence at that time in compliance with the Federal Rules of Evidence. Canania has not pointed to any specific instances, instead hurling general objections in vague situations that do not satisfy the Court that he has carries his burden to receive a new trial. Further since Dippold's expert opined that neither a "bad injection" nor diabetic

5

neuropathy was a cause of Canania's low back pain, any reference to those things was not likely to prejudice the jury and deprive Canania of a fair trial.

  B.  <u>Attorney Misconduct</u>

  Canania argues that Dippold's counsel's misconduct in his closing argument justifies a new trial. "Parties seeking a new trial based on counsel's improper comments must show that 'misconduct occurred and that it prejudiced their case.'" *Viramontes v. City of Chi.*, 840 F.3d 423, 431 (7th Cir. 2016) (quoting *Christmas v. City of Chi.*, 682 F.3d 632, 642 (7th Cir. 2012)). When an attorney commits misconduct in arguing to the jury such that the jury is confused or misled, a new trial may be appropriate. *See Davis v. FMC Corp.*, 771 F.2d 224 (7th Cir. 1985). Again, Canania has not cited to the trial transcript in support of his request for a new trial, so he does not carry his burden. Nevertheless, the Court addresses his contentions based on its own recollection of the trial.

  At trial, there was evidence that, as a result of the accident, Canania had a lifting restriction that precluded him from working at his past job. There was also evidence that he was capable of working as a commercial truck driver except that another physical problem unrelated to the accident—limited range of motion in his neck—would prevent him from passing a Department of Transportation physical examination necessary for that kind of work. Both sides' vocational experts agreed that Canania would make far less in any future employment than he did in the past. Nevertheless, the jury awarded him damages for lost wages consistent with only *past* lost wages.

  Canania believes this is a result of an improper comment by Dippold's counsel in his closing argument that a cervical spine condition was the reason Canania could not work in the future. Counsel further published to the jury a portion of a deposition that had not been admitted

6

into evidence. Canania points to prejudice as evidenced by the low wage loss award.

In the absence of a trial transcript, the Court is hard-pressed to recall the exact wording of Dippold's counsel's reference in his closing argument to Canania's limited neck range of motion. However, that reference was not untethered to any evidence in the case if Canania's own vocational expert referred to it in his explanation of why Canania could not become a commercial truck driver. Canania has not demonstrated that the reference was improper or that publication of an unadmitted deposition transcript prejudiced his case. As for the jury's lost wages award, there is substantial evidence from which it could have reached that conclusion. Canania has not shown counsel misconduct justifies a new trial.

    C.    <u>Sidebar Conferences</u>

Canania argues that the Court rendered the trial unfair by refusing to hold sidebar conferences in violation of Federal Rule of Evidence 103(d). First, he has not pointed to any place in the record where the Court refused a reasonable request to discuss a matter out of the presence of the jury.

Second, such criticism is disingenuous. It is true that Rule 103(d) requires the Court to prevent the jury from hearing inadmissible evidence to the extent practicable. To the extent the Court may have said that it does not conduct sidebars, it does not do so in Courtroom 2 in the Benton Courthouse because the courtroom is slightly larger than a shoebox, so the jury can hear anything said at the bench. The method the Court selects to achieve the goals of Rule 103(d) is to excuse the jury from the courtroom and fully hear the parties in open court. Indeed, it heard such matters on occasion in this trial. As a matter of course, whenever it holds a trial in Courtroom 2, it informs the attorneys that this it how it addresses the need to be heard outside the presence of the jury. Admittedly, this is more cumbersome than a sidebar, but the difficulty

tends to minimize knee-jerk requests for sidebar conferences in favor of more deliberate hearings only when absolutely necessary. It can make the trial go more smoothly while still achieving the goal of Rule 103(d). In any case, it was not error justifying a new trial.

    D.    <u>Workers' Compensation</u>

Canania faults the Court for allowing witnesses to testify about matters connected to his workers' compensation claim. At the final pretrial conference, the Court declined to take judicial notice of the decision of the Illinois Workers' Compensation Commission with respect to Canania's injuries, and it instructed the parties "not to raise or reference the [Workers' Compensation Commission's] decision during the proceeding." FPTC Tr. 6:1-2 (Doc. 122).

Again, Canania has not cited to the offending references in a trial transcript, so he has not carried his burden of proof. However, based on the Court's recollection of the evidence, it was not an abuse of discretion to admit, consistent with the directive at the final pretrial conference, that Canania's employer offered him medical care immediately after the accident but he refused until thirteen days later, and that he could not perform light duty work his employer offered him. These items were relevant to the magnitude of his injury immediately after it happened and to its impact on his ability to work. And while these things were surely related to workers' compensation, mentioning them did not violate any of the Court's orders. And they were not nearly as egregious as the evidence solicited in *Mangan v. Broderick & Bascom Rope Co.*, 351 F.2d 24 (7th Cir. 1965), which involved a question whether an insurance company had paid the plaintiff's medical bills, which was asked after the court had warned the attorney against it.

    E.    <u>Verdict Form</u>

Canania complains that the Court refused to use his proposed verdict form, a highly specific itemized verdict form with ten items of damages comprising medical care, pain and

8

suffering, emotional distress, loss of a normal life, and lost wages, with past and future damages on separate lines (Doc. 137 at 6).  The Court instead used the verdict form tendered by Dippold with the same five categories each of which combined past and future damages for that category (Doc. 138 at 32).

When a party argues that a verdict form was so unfair that a new trial is warranted, he must show that the verdict form was not proper and that he was prejudiced because, in light of the jury instructions, the jury was likely to be misled or confused by the improper form.  *See Artis v. Santos*, 95 F.4th 518, 531-32 (7th Cir. 2024); *Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 827 (7th Cir. 2010).

Canania argues that the verdict form used prevented him from obtaining the clarity he wanted on the breakdown of the amounts awarded for past and future lost wages.  Notably, he did not argue that the verdict form was improper as a matter of (Federal or Illinois) law or that it was confusing or misleading to the jury, and he has not established that not getting the clarity he sought on the breakdown between past and future damages prejudiced him.  Canania has simply not shown that the Court abused its discretion in selecting the verdict form it did.

**IV.   Conclusion**

For the foregoing reasons, the Court finds Canania has not carried his heavy burden of showing he did not receive a fair trial and is therefore entitled to a new trial.  Accordingly, the Court **DENIES** his motion for a new trial (Doc. 150).

**IT IS SO ORDERED.**
**DATED:  August 15, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
