UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID CANANIA,

       Plaintiff,

  v.

STEVEN K. DIPPOLD and DIPPOLD TRUCKING,

       Defendants.

Case No. 3:22-cv-2421-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the bill of costs filed by defendants Steven K. Dippold and Dippold Trucking (collectively, "Dippold") (Doc. 140). Plaintiff David Canania objects to Dippold's request for costs and seeks costs of his own (Doc. 143).

**I.    Background**

Canania's civil action for personal injuries arose out of a rear-end collision on July 20, 2022, on the northbound lanes of Interstate 55 in Collinsville, Illinois. A tractor-trailer operated by Steven K. Dippold, an agent and owner of Dippold Trucking, collided with the rear of the tractor-trailer driven by Canania. Before trial, Dippold admitted it was negligent in a number of ways and that its negligence caused the collision. However, it disputed the extent and severity of Canania's injuries caused by the crash.

On August 16, 2024, Dippold made a Rule 68 offer of judgment to Canania in the amount of $1 million "inclusive of recoverable costs accrued to date." Offer J. ¶ 5 (Doc. 140-1). Canania rejected the offer the same day.

This case was tried to a jury on March 26, 2025, and then from March 31, 2025, to April 2, 2025. On the final day, the jury rendered a verdict in favor of Canania in the total amount of

1

$1 million (Doc. 133).  Judgment was entered on April 4, 2025 (Doc. 139).

## II.    Standard for Awarding Costs

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice.  Fed. R. Civ. P. 54(d)(1).  Objections may be filed within 14 days of the Clerk's notice.  SDIL-LR 54.2(b).  Costs allowed to be taxed are set forth in 28 U.S.C. § 1920.  The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  If the Court reduces or denies costs, it must explain its decision.  *Krocka*, 203 F.3d at 518.

An unaccepted offer of judgment pursuant to Federal Rule of Civil Procedure 68 may upset this general rule.  If a party fails to accept a Rule 68 offer of judgment from an opposing party and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d).

When reviewing a request for costs, the Court asks two questions:  "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable."  *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000), *cited by Lane v. Person*, 40 F.4th 813, 815 (7th Cir. 2022).  The Court will tax costs only if they are authorized by law.  SDIL-LR 54.2(a).  There is a presumption that the cost items enumerated in 28 U.S.C. § 1920 are recoverable.  *Lane*, 40 F.4th at 815.

## III.   Discussion

Dippold does not contest that Canania is a prevailing party who, under the standard cost-taxing procedures, would be entitled to an award of costs.  Instead, it relies on its August 16, 2024, Rule 68 offer of judgment in the amount of $1 million to ask the Court to shift to Canania

2

its later costs.  For his part, Canania argues that the $1 million judgment entitles him to certain costs *in addition to* the sum awarded by the jury, making it more favorable than Dippold's offer of judgment, which included costs already incurred.

      A.      <u>Dippold's Costs</u>

When the Court compares a Rule 68 offer of judgment that includes costs and the "judgment finally obtained" that does not, it must make adjustments to the comparison.  *See Marryshow v. Flynn*, 986 F.2d 689, 692 (4th Cir. 1993) (citing *Marek v. Chesny*, 473 U.S. 1, 7 (1985)).  One of those adjustments is to include with the verdict obtained the costs incurred prior to the offer of judgment.  *Marryshow*, 986 F.2d at 692; *see Grosvenor v. Brienen*, 801 F.2d 944, 948 (7th Cir. 1986) (where attorney's fees are awardable as costs, "pre-offer attorney's fees must be added to the judgment award for the purposes of determining whether the result obtained by a plaintiff is more favorable than the offer of judgment he rejected").  "It is neither logical nor consistent with the rule and applicable authority to compare an offer of judgment which includes all costs . . . and a judgment finally obtained which includes no costs."  *Marryshow*, 986 F.2d at 692.

Whether Canania's judgment is "not more favorable than the unaccepted offer" turns on Canania's costs incurred before the offer of judgment.  At a minimum, the judgment in his favor entitles him to an award of costs he incurred prior to Dippold's offer of judgment. Fed. R. Civ. P. 54(d)(1).  That award includes at least the $402.00 filing fee he paid to commence the case.  Dippold's offer of judgment, on the other hand, was for $1 million "inclusive of costs accrued to date." Offer J. ¶ 5.  So effectively, the judgment Canania finally obtained was worth at least $1,000,402.00, which is more favorable than Dippold's $1 million offer inclusive of costs.  Consequently, Dippold is not entitled to shift its costs after that offer, and the Court will deny its

3

motion for costs (Doc. 140).

    B.    <u>Canania's Costs</u>

Canania requests costs in the amount of $8,613.02.  Dippold has not responded to Canania's request.  The Court has reviewed Canania's bill of costs and finds the items requested are recoverable under 28 U.S.C. § 1920 and the amounts are reasonable.  Accordingly, the Court will direct that costs be taxed in favor of Canania as requested.

## IV.    Conclusion

For the foregoing reasons, the Court:

- **DENIES** Dippold's motion for costs (Doc. 140);
- **GRANTS** Canania's motion for costs (Doc. 143); and
- **DIRECTS** the Clerk of Court to tax costs in the amount of $8,613.02 in favor of Canania.

**IT IS SO ORDERED.**
**DATED:  September 25, 2025**

                                          <u>s/ J. Phil Gilbert</u>
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**